**Appeal No. 17-1933**

---

**IN THE**

# United States Court of Appeals

**FOR THE FEDERAL CIRCUIT**

---

BROAD OCEAN TECHNOLOGIES, LLC,

*Appellant,*

*v.*

NIDEC MOTOR CORPORATION,

*Appellee.*

---

APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE
PATENT TRIAL AND APPEAL BOARD, IPR2015-01617
Patrick M. Boucher, James A. Tartal, and Robert J. Weinschenk
Administrative Patent Judges

---

## APPELLANT'S COMBINED PETITION FOR REHEARING *EN BANC* AND PANEL REHEARING

---


Steven F. Meyer
Joseph A. Farco
LOCKE LORD LLP
Three World Financial Center
Brookfield Place, 200 Vesey Street
New York, NY 10281

Charles S. Baker
LOCKE LORD LLP
600 Travis Street
2800 JP Morgan Chase Tower
Houston, TX 77002-3095

*Counsel for Appellant*
*BROAD OCEAN TECHNOLOGIES, LLC*


Dated: May 7, 2018

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**
**BROAD OCEAN TECHNOLOGIES, LLC**
**v.**
**NIDEC MOTOR CORPORATION**

**Appeal No. 17-1933**

# CERTIFICATE OF INTEREST

Counsel for the Appellant Broad Ocean Technologies, LLC certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party represented by me is:

   Broad Ocean Technologies, LLC

2. The name of each real party in interest represented by me is:

   Broad Ocean Technologies, LLC
   Zhongshan Broad Ocean Motor Co. Ltd.
   Broad Ocean Motor LLC

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

Zhongshan Broad Ocean Motor Co. Ltd. is the parent company of Broad Ocean Motor LLC and Broad Ocean Technologies, LLC. No publicly held company owns ten percent or more of the named Appellant.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court **(and who have not or will not enter an appearance in this case)** are:

Howard Lim
VINSON & ELKIN LLP
Trammell Crow Center
2001 Ross Avenue #3700
Dallas, Texas 75201
(214) 220-7700

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

*Nidec Motor Corp. v. Broad Ocean Motor LLC, et al.*, Civil Action No. 4:16-cv-00399-JAR (E.D. Mo.)

Dated: May 7, 2018

***/s/ Steven F. Meyer***

Steven F. Meyer, Esq.
LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281

*Attorneys for Appellant*
*Broad Ocean Technologies, LLC*

## TABLE OF CONTENTS

**Page**

Statement Of Counsel -- Federal Circuit Rule 35(b)(2) .......... 1

I. Introduction And Statement Of The Case .......... 1

II. Points Of Law Or Fact Overlooked Or Misapprehended By The Panel .......... 6

III. Argument .......... 7

A. The Court Should Grant Rehearing *En Banc* Or Panel Rehearing To Remand Non-Instituted Claims 1-6 To The Board To Assess Their Patentability In A Final Written Decision .......... 7

B. The Court Should Grant Panel Rehearing To Address Evidentiary Issues The Panel Overlooked Or Misapprehended Which Warrant A Remand On Claims 7-13 .......... 10

1. The Board Erroneously Failed To Give Any Evidentiary Weight To Thompson .......... 10

2. The Board Erroneously Failed to Consider Petitioner's *Kennametal* Theory And Supporting Evidence .......... 13

IV. Conclusion .......... 15

Addendum

Certificate of Service .......... 16

Certificate of Compliance .......... 17

## TABLE OF AUTHORITIES

**Cases**

*Ariosa Diagnostics v. Verinata Health, Inc.*,
805 F.3d 1359 (Fed. Cir. 2015) ........ 8
*Blue Calypso, LLC v. Groupon, Inc.*,
815 F.3d 1331 (Fed. Cir. 2016) ........ 1, 13-14, 15
*Butte County, Cal. v. Hogen*,
613 F.3d 190 (D.C. Cir. 2010) ........ 10
*Continental Can Co. USA, Inc. v. Monsanto Co.*,
948 F.2d 1264 (Fed. Cir. 1991) ........ 12
*Falko-Gunter Falkner v. Inglis*,
448 F.3d 1357 (Fed. Cir. 2006) ........ 10
*Genzyme Therapeutic Prods. L.P. v. Biomarin Pharm. Inc.*,
825 F.3d 1360 (Fed. Cir. 2016) ........ 1, 7, 13, 14, 15
*Indemitsu Kosan Co. v. SFC Co.*,
870 F.3d 1376 (Fed. Cir. 2017) ........ 14
*In re Baxter Travenol Labs*.,
952 F.2d 388 (Fed. Cir. 1991) ........ 1, 6, 12
*In re Donohue*,
766 F.2d 531 (Fed. Cir. 1985) ........ 12
*In re Petering*,
301 F.2d 676 (CCPA 1962) ........ 3
*In re Samour*,
571 F.2d 559 (CCPA 1978) ........ 12
*Indemitsu Kosan Co. v. SFC Co.*,
870 F.3d 1376 (Fed. Cir. 2017) ........ 1, 15
*Kennametal, Inc. v. Ingersoll Cutting Tool Co.*,
780 F.3d 1376 (Fed. Cir. 2015) ........ passim
*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983) ........ 10
*SAS Institute, Inc. v. Iancu*,
____ S. Ct. ____, 2018 WL 1914661 (U.S. Apr. 24, 2018) ........ passim
*SAS Institute, Inc. v. Lee*,
137 S. Ct. 2160 (2017) ........ 8

**Statutes**

5 U.S.C. §554(c)(1) ........ 10
35 U.S.C. §102 ........ 13

35 U.S.C. §102(b) .......... 2, 3, 13, 14
35 U.S.C. §103 .......... 5, 13
35 U.S.C. §318(a) .......... passim

**Rules**

Federal Circuit Rule 35 .......... 8
Federal Circuit Rule 35(e)(3)(F) .......... 6
Federal Circuit Rule 36 .......... 6
Federal Circuit Rule 40 .......... 8
Federal Circuit Rule 40(a)(4) .......... 6
Federal Circuit Rule 40(e) .......... 6

**Regulations**

37 C.F.R. §42.23(b) .......... 3
37 C.F.R. §42.104 .......... 7, 14
37 C.F.R. §42.104(b)(2) .......... 13

**Other Authorities**

Administrative Procedure Act §554(c)(1) .......... 15
Administrative Procedure Act §706 .......... 10

## STATEMENT OF COUNSEL -- FEDERAL CIRCUIT RULE 35(b)(2)

Based on my professional judgment, I believe the panel decision is contrary to the following decision of the Supreme Court and precedents of this Court: *SAS Institute, Inc. v. Iancu*, ____ S. Ct. ____, 2018 WL 1914661 (U.S. Apr. 24, 2018). *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376 (Fed. Cir. 2015); *Blue Calypso, LLC v. Groupon, Inc.*, 815 F.3d 1331 (Fed. Cir. 2016); *In re Baxter Travenol Labs.*, 952 F.2d 388 (Fed. Cir. 1991); *Genzyme Therapeudic Prods. L.P. v. Biomarin Pharm. Inc.*, 825 F.3d 1360 (Fed. Cir. 2016); *Indemitsu Kosan Co. v. SFC Co.*, 870 F.3d 1376 (Fed. Cir. 2017).

Dated: May 7, 2018

***/s/ Steven F. Meyer***
Steven F. Meyer
ATTORNEY OF RECORD FOR APPELLANT

## I. INTRODUCTION AND STATEMENT OF THE CASE

Contrary to the Supreme Court's recent decision interpreting 35 U.S.C. §318(a), see *SAS Institute, Inc. v. Iancu*, ____ S. Ct. ____, 2018 WL 1914661 (U.S. Apr. 24, 2018), the PTAB's Final Written Decision (see Appx0001-0020) failed to address claims 1-6 of the '092 patent which had been challenged in Appellant Broad Ocean's IPR petition (see Appx0174-0184). Appellant Broad Ocean preserved the issue addressed in *SAS* here on appeal. See Appellant Br. 75; Appellant Reply 31-32. For the reasons set forth below, this Court should remand

non-instituted claims 1-6 pursuant to 35 U.S.C. §318(a) and *SAS*, as well as claims 7-13 because of the Board's erroneous evidentiary rulings that were overlooked or misapprehended by the panel.

Appellant Broad Ocean timely filed a petition for *inter partes* review of claims 1-13 of the '092 patent, asserting three grounds of unpatentability. See Appx0146-0209. Ground 1 of the petition sought the invalidation of claims 1-13 under §102(b) based on Beifus. See Appx0160. In the supporting claim chart for independent claim 7, Petitioner expressly pointed to paragraph 0011 of Beifus which states: "FIG. 6 is a chart illustrating an induction motor speed-torque curve that is programmed into a memory of an ECM." See Appx0186 (citing Appx0816 at ¶0011). During the oral argument before the panel, counsel for Appellee Nidec admitted that if the speed-torque curves depicted in Beifus' Figure 6 are stored in the ECM's memory, claim 7 would be anticipated by Beifus. See http://www.cafc.uscourts.gov/node/23195(2017-1933.mp3) at 25:26-25:47.

The petition was supported by a declaration of Petitioner's technical expert, Michael D. Sidman, Ph. D. See Appx0150; Appx0929-0971. Petitioner also filed a copy of Thompson as evidentiary exhibit 1011 [see Appx0972-0994] at the time of filing the petition. See Appx0150. As support for proposed Ground 1 in its Petition, Petitioner relied upon Thompson to explain, but not expand, Beifus. See

Appx0172-0174 (citing Ex. 1011 & Dr. Sidman's Decl. ¶67 [Appx0957]); Appx0186-0187 (citing Dr. Sidman's Decl. ¶67).

The Board instituted an *inter partes* review on just a portion of proposed Ground 1, limited to claims 7-13 as anticipated by Beifus under §102(b). See Appx0287. The Board also concluded that Petitioner had not demonstrated a reasonable likelihood of prevailing on its challenge of claims 1-6 as being anticipated by Beifus. See Appx0281-0282. In response, Petitioner filed a request for rehearing seeking institution on claims 1-6 under Ground 1. See Appx0299-0310. The Board denied the request for rehearing. See Appx0336-0342. Claim 1 of the '092 patent differs from independent claim 7 in that claim 1 does not require a torque table stored in the ECM's memory.

Patent Owner did not address non-instituted claims 1-6 in its post-institution Response. See Appx0354-0385. Consequently, Petitioner could not do so in its Reply. See 37 C.F.R. §42.23(b).

In its Response, Patent Owner recognized that the earlier redirect testimony of Petitioner's expert, Dr. Sidman, which it filed as Patent Owner's evidentiary exhibit 2001 (see Appx1115), is relevant to a finding that claim 7 is anticipated by Beifus under the "at once envisage theory of anticipation" explained in *In re Petering*, 301 F.2d 676 (CCPA 1962) and its progeny, such as *Kennametal, Inc. v. Ingersoll Cutting Tool Co.*, 780 F.3d 1376 (Fed. Cir. 2015). See Appx0378.

Patent Owner suggested that the Board not consider any evidence and argument under the "at once envisage" anticipation standard that Petitioner might later present in its Reply because it would be newly presented. See Appx0378-0379. Nevertheless, Patent Owner continued on to address the substantive merits of the "at once envisage" anticipation of claim 7 by Beifus. See Appx0379-0381.

In its Reply, Petitioner relied upon Thompson as extrinsic evidentiary support for its position that Beifus anticipates claim 7. See Appx0417-0418. Petitioner also relied upon the transcript of the deposition of Dr. Sidman, which was earlier filed by Patent Owner with its Response, to support the argument that Beifus anticipates claim 7 under *Kennametal*. See Appx0418-0422.

In its Final Written Decision, the Board did not address non-instituted claims 1-6 of the '092 patent. Cf. Appx0001-0020. The Board did hold, however, that Petitioner has not shown, by a preponderance of the evidence, that claims 7-13 of the '092 patent are anticipated by Beifus. See Appx0002; Appx0019. In so holding, the Board found that the summary description of Beifus' Figure 6 in paragraph 0011 (i.e., "FIG. 6 is a chart illustrating an induction motor speed-torque curve that is programmed into a memory of an ECM.") is ambiguous, and insufficient to support a concludion of anticipation. The Board observed that "[i]t is not apparent from the summary statement *how* the 'induction motor speed-torque curve…is programmed into a memory,' and Petitioner insufficiently supports its

inference that it *must* be by storage of the torque values themselves," by relying upon attorney argument with insufficient supporting evidence. Appx0012. The Board concluded that "Petitioner insufficiently shows that programming the speed-torque curve into memory by storing parameters that allow for its on-the-fly calculation is not at least equally plausible." See Appx0012-0013. The Board also refused to consider Petitioner's argument that claim 7 is anticipated by Beifus under the long-standing "immediately envisage" theory of anticipation recently restated in *Kennametal*, on procedural grounds because "this is a new argument, not raised in the Petition". See Appx0018-0019.

In denying Petitioner's request for rehearing, the Board held that it was not considering the prior art Thompson patent because the Board had not instituted *inter partes* review under 35 U.S.C. §103 based on a combination of Beifus and Thompson, and Petitioner purportedly did not cite Thompson to: (1) prove that Beifus contains an enabled disclosure; (2) explain the meaning of a term used; or (3) show that the storage of the torque values is inherent. See Appx0026. The Board also reiterated that it had determined that Petitioner's reliance on the *Kennametal* decision was improper because Petitioner did not address *Kennametal* in its Petition. See Appx0027-0029.

On April 5, 2015, the panel affirmed the Final Written Decision and Rehearing Decision without opinion pursuant to Federal Circuit Rule 36. The

subject Petition for Rehearing is due by May 7, 2018. See Fed. Cir. R. 40(e). The Supreme Court issued its *SAS* decision on April 24, 2018.

## II. POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED BY THE PANEL

The panel decision now conflicts with a decision of the United States Supreme Court, and consideration by the full court may therefore be necessary. Pursuant to Federal Circuit Rules 35(e)(3)(F) and 40(a)(4), Broad Ocean provides this statement of points of law or fact that were overlooked or misapprehended by the Court in its panel decision.

1. In affirming the Final Written Decision pursuant to Federal Circuit Rule 36, the panel overlooked or misapprehended the plain language of 35 U.S.C. §318(a) which requires the Board to decide the patentability of *every* claim of the ’092 patent Broad Ocean challenged in its petition, not just some, and is now inconsistent with the United States Supreme Court’s decision in *SAS Institute, Inc. v. Iancu*, ____ S. Ct. ____, 2018 WL 1914661 (U.S. Apr. 24, 2018).

2. In summarily affirming the Final Written Decision and Rehearing Decision that refused to give any evidentiary weight to the prior art Thompson reference, the panel overlooked or misapprehended this Court’s caselaw holding that extrinsic evidence may be used to explain, but not expand, the prior art Beifus reference. See *In re Baxter Travenol Labs.*, 952 F.2d 388, 390 (Fed. Cir. 1991).

3. In summarily affirming the Final Written Decision and Rehearing Decision that refused to consider Petitioner's *Kennametal* theory and supporting evidence because "this is a new argument, not raised in the Petition", the panel overlooked or misapprehended *Genzyme Therapeutic Prods. L.P. v. Biomarin Pharm. Inc.*, 825 F.3d 1360, 1366 (Fed. Cir. 2016) ("There is no requirement, either in the Board's regulations, in the APA, or as a matter of due process, for the institution decision to anticipate and set forth every legal or factual issue that might arise in the course of the trial.") and 37 C.F.R. §42.104 ("Content of petition").

## III. ARGUMENT

### A. The Court Should Grant Rehearing *En Banc* Or Panel Rehearing To Remand Non-Instituted Claims 1-6 To The Board To Assess Their Patentability In A Final Written Decision

It is beyond dispute that: (1) claims 1-6 of the '092 patent were challenged in Broad Ocean's IPR petiton [see, e.g., Appx0152; Appx0160; Appx0179-0184]; (2) claims 1-6 were not instituted, but claims 7-13 were instituted for an IPR trial [see Appx0281-0282; Appx0287-0288]; and (3) the patentability of claims 1-6 was not addressed in the Board's Final Written Decision [see Appx0001-0020]. In view of these undisputable facts, under the plain language of 35 U.S.C. §318(a) and *SAS*, this Court should remand claims 1-6 for the Board to assess their patentability in a Final Written Decision. Appellant Broad Ocean preserved this issue on appeal. See Appellant Br. 75 (quoting 35 U.S.C. §318(a) and citing

*SAS Institute, Inc. v. Lee*, 137 S. Ct. 2160 (2017) (granting cert.)); see also Appellant Br. 7, 42 & 76; Appellant Reply 31-32. The logistics of any remand proceeding are to be determined by the Board. See *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1367 (Fed. Cir. 2015).

In *SAS*, the Supreme Court held that "when §318(a) says the Board's final written decision 'shall' resolve the patentability of 'any patent claim challenged by the petitioner,' it means the Board *must* address *every* claim the petitioner has challenged." *SAS*, 2018 WL 1914661, *4 (emphasis in original). Because the Supreme Court issued its *SAS* decision on April 24, 2018, which was after the panel's summary affirmance of the Final Written Decision on April 5, 2018, the panel technically could not have "overlooked or misapprehended" *SAS*, which is the standard for panel rehearing. See Fed. Cir. R. 40. Nevertheless, the panel's affirmance of the Final Written Decision is now contrary to the Supreme Court's *SAS* decision because the Board did not address non-instituted claims 1-6 in the Final Written Decision [see Appx0001-0020]. Therefore, a rehearing *en banc* may be needed to achieve consistency with *SAS*. See Fed. Cir. R. 35.

Alternatively, panel rehearing is warranted because in summarily affirming the Final Written Decision, the panel overlooked or misapprehended the plain language of 35 U.S.C. §318(a). The wording of §318(a) was the same on April 5, 2018 when the panel summarily affirmed the Final Written Decision as it was on

April 24, 2018 when the Supreme Court issued the *SAS* decision. "So when §318(a) says the Board's final written decision 'shall' resolve the patentability of 'any patent claim challenged by the petitioner,' it means the Board *must* address *every* claim the petitioner has challenged." *SAS*, 2018 WL 1914661, *4 (emphasis in original). Guided by the plain language of §318(a) alone, the panel should have remanded claims 1-6 for the Board to assess their patentability in a Final Written Decision and erred by not doing so.

Lastly, the panel's affirmance of the Board's finding that "Petitioner has not demonstrated, by a preponderance of the evidence, that Beifus discloses 'selecting a torque table associated with the adjustment factor, the torque table including alternate torque settings,' as recited in independent claim 7" [see Appx0019] is irrelevant to the patentability of claims 1-6 of the '092 patent. This limitation was the only limitation recited in claim 7 that was discussed in the Final Written Decision [see Appx0001-0020]. However, this limitation is not recited in independent claim 1 or in claims 2-6 which depend therefrom. See Appx0057 at col. 17, ln. 35 - col. 18, ln. 5. Any assessment of the patentability of claims 1-6 would need to be separate from that of claim 7, and is not redundant thereof.

### B. The Court Should Grant Panel Rehearing To Address Evidentiary Issues The Panel Overlooked Or Misapprehended Which Warrant A Remand On Claims 7-13

On appeal, Appellant Broad Ocean has argued that the Board had erred by (1) not evaluating Thompson's disclosure as extrinsic evidence to explain, but not expand, Beifus; and (2) not evaluating all the evidence of unpatentability under §102(b) in accordance with *Kennametal*. See Appellant Br. 61-66 & 68-73. A substantial evidence review requires an examination of the record as a whole, taking into account both the evidence that justifies and detracts from an agency's opinion. See *Falko-Gunter Falkner v. Inglis*, 448 F.3d 1357, 1363 (Fed. Cir. 2006). An agency's refusal to consider evidence on an issue before it constitutes arbitrary agency action within the mean of §706 of the Administrative Procedure Act. See, e.g., *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Butte County, Cal. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010); see also 5 U.S.C. §554(c)(1).

#### 1. The Board Erroneously Failed To Give Any Evidentiary Weight To Thompson

The opinions of Patent Owner's expert, Dr. Horenstein, regarding Beifus' disclosure were skewed because Dr. Horenstein did not consider or take Thompson into account. See Appx1173; Appx1029, ln. 12 - Appx1031, ln. 23. Beifus' Paragraph 0011 states: "FIG. 6 is a chart illustrating an induction motor speed-torque curve that is ***programmed*** into a memory of an ECM." Appx0816

(emphasis added). Thompson evidences that a person of ordinary skill would understand that speed-torque curves (such as Thompson's Figures 3, 5 and 6 [see Appx0975; Appx0979-0980]) could be stored in a motor's memory in the form of a lookup table, which comprises speed and torque data points stored in an array. See, e.g., Appx0987 at col. 3, ln. 65-67; Appx0988 at col. 6, ln. 64 - Appx0989 at col. 3, ln. 21; Appx0990 at col. 9, ln. 48-65.

More to the point at issue here, Thompson states that:

> In the present invention, the ICM microprocessor controls the speed of motor 24 by determining torques from a lookup table ***pre-programmed*** within the ICM microprocessor system. [Appx0988 at col. 5, ln. 38-41 (emphasis added)].
>
> * * *
>
> Typically, the ICM inducer system of the furnace will have ***stored*** therein several candidate lookup tables, each corresponding to a different furnace type. [Appx0988 at col. 6, ln. 43-45 (emphasis added)].

These two passages in Thompson evidence that a person of ordinary skill would understand the term "programmed" as it is used in Beifus' paragraph 0011 includes the storage of data points in an ECM's memory. See Appellant Br. 67-68. During

the oral argument before the panel, counsel for Appellee Nidec admitted that if the speed-torque curves depicted in Beifus' Figure 6 are stored in the ECM's memory, claim 7 would be anticipated by Beifus. See http://www.cafc.uscourts.gov/node/23195(2017-1933.mp3) at 25:26-25:47.

In summarily affirming the Final Written Decision and Rehearing Decision, the panel misapprehended or overlooked *Baxter Travenol*, 952 F.2d at 390 ("[E]xtrinsic evidence may be considered when it is used to explain, but not expand, the meaning of a reference."). First, in its Petition, Broad Ocean relied upon Thompson to prove that Beifus is enabling of claim 7 of the '092 patent [see Appx0172-0174 (citing Ex. 1011 & Dr. Sidman's Decl. ¶67); Appx0954-0957 (Dr. Sidman's Decl. ¶¶63-67); Appx0186-0187 (claim chart for claim 7, citing Dr. Sidman Decl. ¶67)]. See *In re Samour*, 571 F.2d 559, 562-63 (CCPA 1978); *In re Donohue*, 766 F.2d 531, 533 (Fed. Cir. 1985). In its Petition, Broad Ocean also properly relied upon Thompson to prove that when the torque values depicted in Beifus' Figure 6 are stored in an ECM's memory, the stored torque values would inherently be in the form of a table. See Appx0178 (citing Thompson (Ex. 1011); see also Appx0417 (Reply). Extrinsic evidence, such as Thompson, may be used to prove a characteristic is inherent in Beifus. See *Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1263 (Fed. Cir. 1991).

In short, the panel erred as a matter of law by summarily affirming the Board's stated refusal to give any evidentiary weight to Thompson [see Appx0025-0026] and, therefore, claims 7-13 should also be remanded.

#### 2. The Board Erroneously Failed to Consider Petitioner's *Kennametal* Theory And Supporting Evidence

The Board refused to consider Appellant Broad Ocean's submitted evidence of unpatentability under §102(b) in accordance with *Kennametal* "[b]ecause this is a new argument, not raised in the Petition". See Appx0018-0019. In response to Petitioner Broad Ocean's request for rehearing, the Board reiterated that Petitioner had failed to "address[ ] *Kennametal* in its Petition". See Appx0028. However, there is no requirement that Petitioner must identify in its Petition all the Federal Circuit caselaw that it may subsequently rely upon during the course of the post-institution briefing. See *Genzyme*, 825 F.3d at 1366. Indeed, with respect to legal bases, the IPR Petition need only identify "[t]he specific statutory grounds under 35 U.S.C. §102 or 103 on which the challenge to the claim is based". See 37 C.F.R. §42.104(b)(2). Petitioner's so-called *Kennametal* theory is factually predicated on Beifus' paragraphs 0011 and 0036 and Figure 6, as well as Thompson[1], all of which were expressly identified in the Petition's Ground 1 under

---

[1] *Kennametal* requires that the anticipatory alternative be enabled to one of ordinary skill in the art. See *Kennametal*, 780 F.3d at 1383; see also *Blue Calypso,*

§102(b). See Appx0174-0189. In summarily affirming the Final Written Decision and the Rehearing Decision, the panel overlooked or misapprehended the fact that the *Kennametal* theory was disclosed in the Petition to the extent required by §42.104. See Appellant Br. 69; Appellant Reply 25-26.

Broad Ocean's *Kennametal* theory is also predicated on the redirect deposition testimony of Petitioner's expert, Dr. Sidman, which Patent Owner Nidec sought to pre-empt in its Response [see Appx0378-0381] and Petitioner Broad Ocean cited in its Reply [see Appx0418-0422]. The Board held that Petitioner Broad Ocean's *Kennametal* theory was a new argument improperly raised in the Reply even though Patent Owner "prophylactically" addressed the substantive merits of the *Kennametal* theory in its earlier Response. See Appx0018-0019; Appx0027-0029. In summarily affirming, the panel overlooked or misapprehended *Genzyme*, 825 F.3d at 1364-69, wherein the petitioner was allowed to cite two *in vivo* studies in its reply, even though the patent owner in its preceding response noted the absence of any *in vivo* data in the instituted grounds and urged that the petitioner should not be permitted to address *in vivo* data in its

---

*LLC v. Groupon, Inc.*, 815 F.3d 1331, 1344 (Fed. Cir. 2016). Petitioner told the Board that Thompson is evidence of just such enablement. See Appx0466, ln. 10-24.

reply [see Appellant Br. 72]. See also *Idemitsu Kosan Co. v. SFC Co.*, 870 F.3d 1376, 1381 (Fed. Cir. 2017) ("To the extent [Patent Owner] Idemitsu suggests that the Board could not reach a counterargument because it was not preemptively addressed by the petition or the institution decision, Idemitsu is plainly mistaken.") (citing *Genzyme*, 825 F.3d at 1366).

Lastly, the Board's passing observation made for the first time in the Rehearing Decision that Beifus fails to anticipate under *Kennametal* [see Appx0029] is fatally flawed because the Board failed to take into account extrinsic evidence of how a person of ordinary skill would immediately envisage Beifus (i.e., Dr. Sidman's redirect testimony and Thompson). This extrinsic evidence was relevant to Petitioner's *Kennametal* theory. See, e.g., *Blue Calypso*, 815 F.3d at 1343-44. The Board violated §554(c)(1) of the Administrative Procedure Act by failing to consider this relevant evidence of record.

## IV. CONCLUSION

For the foregoing reasons, Appellant Broad Ocean requests the Court grant rehearing *en banc* or a panel rehearing of this case, vacate the panel judgment and rehear this appeal and remand on non-instituted claims 1-6, as well as claims 7-13.

Respectfully submitted,

Dated: May 7, 2018

***/s/ Steven F. Meyer***
Steven F. Meyer, Esq.
LOCKE LORD LLP
*Attorneys for Appellant*

# ADDENDUM

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF ENTRY OF JUDGMENT WITHOUT OPINION

JUDGMENT ENTERED: 04/05/2018

The judgment of the court in your case was entered today pursuant to Rule 36. This Court affirmed the judgment or decision that was appealed. None of the relief sought in the appeal was granted. No opinion accompanied the judgment. The mandate will be issued in due course.

Information is also provided about petitions for rehearing and suggestions for rehearing en banc. The questions and answers are those frequently asked and answered by the Clerk's Office.

Costs are taxed against the appellant in favor of the appellee under Rule 39. The party entitled to costs is provided a bill of costs form and an instruction sheet with this notice.

The parties are encouraged to stipulate to the costs. A bill of costs will be presumed correct in the absence of a timely filed objection.

Costs are payable to the party awarded costs. If costs are awarded to the government, they should be paid to the Treasurer of the United States. Where costs are awarded against the government, payment should be made to the person(s) designated under the governing statutes, the court's orders, and the parties' written settlement agreements. In cases between private parties, payment should be made to counsel for the party awarded costs or, if the party is not represented by counsel, to the party pro se. Payment of costs should not be sent to the court. Costs should be paid promptly.

If the court also imposed monetary sanctions, they are payable to the opposing party unless the court's opinion provides otherwise. Sanctions should be paid in the same way as costs.

Regarding exhibits and visual aids: Your attention is directed to FRAP 34(g) which states that the clerk may destroy or dispose of the exhibits if counsel does not reclaim them within a reasonable time after the clerk gives notice to remove them. (The clerk deems a reasonable time to be 15 days from the date the final mandate is issued.)

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

17-1933 - Broad Ocean Technologies, LLC v. Nidec Motor Corporation
United States Patent and Trademark Office, Case No. IPR2015-01617

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BROAD OCEAN TECHNOLOGIES, LLC,**
*Appellant*

**v.**

**NIDEC MOTOR CORPORATION,**
*Appellee*

---

2017-1933

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2015-01617.

---

## JUDGMENT

---

STEVEN F. MEYER, Locke Lord LLP, New York, NY, argued for appellant. Also represented by JOSEPH ANTHONY FARCO; CHARLES BAKER, DANIEL G. NGUYEN, Houston, TX.

SCOTT R. BROWN, Hovey Williams LLP, Overland Park, KS, argued for appellee. Also represented by MATTHEW B. WALTERS.

---

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

PER CURIAM (DYK, WALLACH, and CHEN, *Circuit Judges*).

**AFFIRMED. *See* Fed. Cir. R. 36.**

ENTERED BY ORDER OF THE COURT

April 5, 2018
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

## CERTIFICATE OF SERVICE

I, the undersigned, being duly sworn according to law and being over the age of 18, upon my oath depose and say that on May 7, 2018, I hereby certify that a true and correct copy of the foregoing **APPELLANT'S COMBINED PETITION FOR REHEARING *EN BANC* AND PANEL REHEARING** was served upon the following counsel of record via electronic CM/ECF filing and e-mail, as follows.

Scott R. Brown
Matthew B. Walters
Hovey Williams LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
Phone: (913) 647-9050
Fax: (913) 647-9057

*Counsel for Appellee Nidec Motor Corporation*

Dated: May 7, 2018

***/s/ Steven F. Meyer***
Steven F. Meyer, Esq.
LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281

*Attorneys for Appellant*
*and Broad Ocean Technologies, LLC*

## CERTIFICATE OF COMPLIANCE

1. This petition complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [ X ] this petition contains *3,374* words.

   [ ] this petition uses a monospaced type and contains [*state the number of*] lines of text.

2. This petition complies with the typeface and type style requirements because:

   [ X ] this petition has been prepared in a proportionally spaced typeface using *Microsoft Word 2016* in *14pt Times New Roman*; *or*

   [ ] this petition has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: May 7, 2018

***/s/ Steven F. Meyer***
Steven F. Meyer, Esq.
LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281

*Attorneys for Appellant and Broad Ocean Technologies, LLC*

68628768v.1